UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN E. ACKERMAN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>COMMONWEALTH OF PENNSYLVANIA,<br><br>　　　　　Respondent. | Case No. 2:21-cv-00176-RAJ-TLF<br><br>~~PROPOSED~~ ORDER TRANSFERRING PETITION |

Petitioner has presented to this Court for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner indicates in his petition that he seeks to challenge a 2005 judgment and sentence imposed by the Warren County Court of Common Pleas in Warren, Pennsylvania. Petitioner alleges that although he has completed the sentence in that matter, he remains in the "custody" of the Commonwealth of Pennsylvania for purposes of bringing a habeas corpus petition because he is subject to Pennsylvania state law requiring his registration as a sex offender. Dkt. 1 at 13–14 (citing *Piasecki v. Court of Common Pleas*, 917 F.3d 161, 166 (3d Cir. 2019).

PROPOSED ORDER TRANSFERRING PETITION - 1

Federal courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The court issuing the writ must have personal jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973). Without such jurisdiction, the court has no authority to direct the actions of the restraining authority. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999). The court has personal jurisdiction over the custodian if the court can reach the custodian by service of process. *Braden*, 410 U.S. at 495. Thus, where the petitioner names a respondent who is outside the district court's territorial limits, the court lacks personal jurisdiction to consider the petition. *See Malone*, 165 F.3d at 1237.

Here, petitioner has named the Commonwealth of Pennsylvania as the respondent. Respondent is outside this District's territorial limits, and the Court lacks personal jurisdiction over it. Accordingly, the Court does not have jurisdiction to consider this petition.

If a petitioner files a habeas petition in a district court that lacks jurisdiction, that court should transfer the petition to a court with jurisdiction "if it is in the interest of justice." 28 U.S.C. § 1631; *see Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Transfer is normally in the interest of justice because dismissing an action that could be brought elsewhere is "'time-consuming and justice-defeating.'" *Id.* (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

The Court finds that it is in the interest of justice to transfer this case to the Western District of Pennsylvania. A habeas petition is properly filed in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). Petitioner alleges that

PROPOSED ORDER TRANSFERRING PETITION - 2

he was convicted of luring a child into a motor vehicle and obstructing administration of law in Warren County, Pennsylvania. Dkt. 1 at 1. Petitioner claims that he is in the "custody" of the Commonwealth of Pennsylvania by virtue of its requirement that he register there as a sex offender. Dkt. 1 at 13–14. Warren County is located in the Western District of Pennsylvania.

Accordingly, the Court hereby ORDERS as follows:

(1) The Clerk shall TRANSFER this case to the Western District of Pennsylvania, in the interests of justice, under 28 U.S.C. § 1631. The Clerk is directed to close this case and transfer all original documents to the Western District of Pennsylvania.

(2) The Court notes that petitioner has failed either to pay the filing fee or to file an application to proceed *in forma pauperis*. Petitioner must either pay the filing fee to, or obtain leave to proceed *in forma pauperis* from, the Western District of Pennsylvania.

Dated this 12th day of March, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

PROPOSED ORDER TRANSFERRING PETITION - 4